IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 02-10606 | |
| YDALIA RODRIGUEZ, § | | |
|     Debtor. § | | |
| § | | |
| § | | |
| YDALIA RODRIGUEZ, MARIA § | | |
| ANTONIETA HERRERA, DAVID § | | |
| HERRERA, LUCY MORENO, § | | |
| ALFONSO MORENO and all those § | | |
| similarly situated, § | | |
| § | | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | Adv. Proc. No. 08-1004 | |
| § | | |
| COUNTRYWIDE HOME LOANS, INC. § | | |
| § | | |
|     Defendant. § | | |

**COUNTRYWIDE HOME LOANS INC.'S MOTION FOR
LEAVE TO APPEAL ORDER CERTIFYING CLASS**

To the United States District Court for the Southern District of Texas[1]:

Pursuant to 28 U.S.C. § 158(a)(3), Federal Rules of Bankruptcy Procedure 7023, 8001(b), and 8003, and Federal Rule of Civil Procedure 23(f),[2] Defendant Countrywide Home Loans, Inc. ("Countrywide") submits this Motion for Leave to Appeal from the Order Granting Plaintiffs'

---

[1] Contemporaneous with the filing of this Motion, Countrywide is filing its Notice of Appeal in this Adversary Proceeding.

[2] Rule 23(f) of the Federal Rules of Civil Procedure applies to this Adversary Proceeding pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 7023. In addition to this Motion, Countrywide is also filing a Petition for Permission to Appeal in the United States Court of Appeals for the Fifth Circuit because Countrywide believes that Rule 23(f) grants the Fifth Circuit authority to hear direct appeals from bankruptcy court certification orders. The Fifth Circuit has not ruled on the scope of Rule 23(f) under these circumstances, however, and the Eleventh Circuit has held that direct appeals to the courts of appeals are not permitted under Rule 23(f). See Chrysler Fin. Corp. v. Powe, 312 F.3d 1241, 1243-47 (11th Cir. 2002). Thus, to avoid waiver of its right to appeal, Countrywide files this Motion for review by the District Court.

Motion for Class Certification (Doc. # 353) ("Certification Order") and the related Memorandum Opinion on Certification ("Certification Opinion") (Doc. # 352),[3] entered on July 21, 2010, and the Order Denying Reconsideration of Certification Order ("Reconsideration Order") (Doc. #370) and related Memorandum Opinion on Reconsideration ("Reconsideration Opinion") (Doc. # 371),[4] entered on October 6, 2010 by Chief Judge Marvin Isgur of the United States Bankruptcy Court for the Southern District of Texas, in the above-styled Adversary Proceeding.

## **INTRODUCTION**

This Motion presents an important issue regarding the interpretation of the Fifth Circuit's recent decision in *Wilborn v. Wells Fargo Bank, N.A.*, 609 F.3d 748 (5th Cir. 2010). *Wilborn* was the first case in this Circuit to address the application of Rule 23 to bankruptcy court proceedings. Like this case, *Wilborn* involved a Bankruptcy Court challenge to the assessment of "unapproved fees" during a debtor's bankruptcy case. In *Wilborn*, the Fifth Circuit held that the Bankruptcy Court's certification of a class of debtors was improper under Rule 23(b)(3) because, among other things, the fact pattern for each named plaintiff differed as to "how and why certain fees were charged or paid," destroying the predominance required for a Rule 23(b)(3) class. 609 F.3d at 756. The Fifth Circuit further held that the Bankruptcy Court erred in certifying a class under Rule 23(b)(2) for "similar reasons." *Id.* at 757.

The Bankruptcy Court below followed *Wilborn* in denying certification of a Rule 23(b)(3) damages class. The Bankruptcy Court diverged from *Wilborn*, however, in certifying a class of debtors seeking only injunctive relief. *See Rodriguez v. Countrywide Home Loans, Inc.*, 432 B.R. 671 (Bankr. S.D. Tex. 2010). ("Certification Opinion"). Countrywide submits that, in

---

[3] Copies of the Certification Order and Certification Opinion are attached to this Motion as Exhibits A and B, respectively.

[4] Copies of the Reconsideration Order and Reconsideration Opinion are attached to this Motion as Exhibits C and D, respectively.

2

doing so, the Bankruptcy Court misapplied the Fifth Circuit's instructions in *Wilborn*, and that an interlocutory appeal is necessary to clarify *Wilborn's* application to injunctive relief claims.

There is a substantial ground for disagreement as to whether or not the Bankruptcy Court's construction of Rule 23(b)(2) is consistent with the Fifth Circuit's reasoning in *Wilborn*. Countrywide maintains that the distinction drawn by the Bankruptcy Court is incorrect, and ignores *Wilborn's* admonition that certification of any Rule 23(b)(2) class is improper when, as here, "the circumstances and court orders differ between the judges and the cases." 609 F.3d at 757. Just as in *Wilborn*, whether particular fees were "approved" will require a close review of the individual accounts of each class member and the relevant orders in each individual bankruptcy case. And this review is necessary whether the court is determining whether certain fees should be disgorged or enjoined from collection. Thus, the "myriad" issues "as to whether and how fees and costs were imposed" that precluded the certification of a class in *Wilborn*, apply equally where the administration of injunctive relief also requires a close review as to which fees were approved by the bankruptcy court, subject to individualized defenses such as waiver or estoppel, or "misallocated" on a particular debtor's account. *Id.* at 757. Whatever the relief contemplated, "[t]he circumstances surrounding the charging of fees [will] require an individual assessment of the claims." *Id.* at 756.

Resolution of this issue will materially advance the ultimate termination of this litigation. If the District Court agrees with Countrywide that a proper application of *Wilborn* precludes certification of an injunctive relief class, this case will proceed as a single lawsuit between Plaintiffs and Countrywide that turns on facts that are largely uncontested. By contrast, if this appeal is denied, the Bankruptcy Court and the parties will have to conduct a class trial that may be procedurally improper involving potentially hundreds of debtors and bankruptcy cases.

The Court should review the Bankruptcy Court's Class Certification Order for two additional reasons. First, as detailed in Countrywide's Motion for Reconsideration (Doc. # 362), the claims of the newly-defined injunctive relief class were rendered moot by a Consent Judgment agreed to by Countrywide and the Federal Trade Commission ("FTC") and entered by the United States District Court of the Central District of California. As the terms of that Consent Judgment enjoin Countrywide from collecting the same fees as issue in this case, the proposed relief to be sought by the class is moot. Second, the Bankruptcy Court's class definition improperly incorporates merits issues to be decided at trial. This renders the class uncertifiable, and creates the specter of the certification of a prohibited "fail-safe" class.

## PROCEDURAL BACKGROUND

This Motion arises from an order of the United States Bankruptcy Court for the Southern District of Texas certifying a district-wide class of Chapter 13 debtors who had mortgages serviced by Countrywide while they were in bankruptcy.

### A.     Plaintiffs' Class Claims

On February 28, 2008, Plaintiffs filed a multi-count class action complaint against Countrywide alleging, *inter alia,* (1) violations of the automatic stay; (2) violations of the discharge injunction; (3) breach of contract; and (4) violations of 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) that arose from the purported assessment of "unauthorized" fees to debtors in Chapter 13 bankruptcy. Plaintiffs filed an amended complaint on March 25, 2008 ("Amended Complaint") seeking certification of a nationwide class. By Order dated April 8, 2008, the Bankruptcy Court abated consideration of a nationwide class. The scope of the Amended Complaint was narrowed significantly on December 9, 2009, when the Bankruptcy Court granted summary judgment in Countrywide's favor on Plaintiffs' counts for

4

violation of the automatic stay and the discharge injunction, and for breach of contract. *See* Summary Judgment Order, Doc. # 321.

Plaintiffs subsequently amended their class motion to seek certification of an "Unapproved Fees Class" comprised of individuals who:

> (a) filed a chapter 13 proceeding in the United States District Court for the Southern District of Texas on or before October 15, 2005 and have confirmed chapter 13 plans that treated mortgages which are serviced by Countrywide, and
>
> (b) as to whom Countrywide has assessed a fee or cost, attributable to a time after the filing of a bankruptcy petition and before the date on which the case was closed, unless such fee or cost was listed in a proof of claim or was assessed pursuant to an order of the Bankruptcy Court, and
>
> (c) from whom Countrywide did collect or attempt to collect such fee or cost, or for whom Countrywide will seek to collect such fee or cost.

Certification Opinion, 432 B.R. at 690 (citing Pls.' Motion in Support of Certification, at pgs. 18-19)). Plaintiffs sought injunctive relief, compensatory damages, restitution, and disgorgement, as well as punitive damages and sanctions. The class certification hearing took place on December 14-16, 2009.

### B.   The Consent Judgment

On June 15, 2010, approximately six months after the class certification hearing, the United States District Court for the Central District of California entered a Consent Judgment and Order ("Consent Judgment"), by and between Countrywide and the Federal Trade Commission ("FTC").[5]  Case 2:10-cv-04193-JFW. The Consent Judgment, which applies nationwide, enjoins Countrywide from collecting any fee incurred during a Chapter 13 bankruptcy unless Countrywide obtained specific court approval, or provided specific monthly and annual notices to the consumer and to the Chapter 13 trustee. Exhibit E at 11-13. Because Countrywide has not provided monthly and annual notices to class members, it cannot collect

---

[5] A copy of the Consent Judgment is attached to this Motion as Exhibit E.

fees from them without specific court approval. The Consent Judgment also required Countrywide to pay $108 million to the Federal Trade Commission, which the Commission will distribute to Countrywide borrowers at its discretion. *Id.* at 15.

### C. *Wilborn v. Wells Fargo*

Three days later, the Fifth Circuit issued its opinion in *Wilborn.* In *Wilborn*, the Bankruptcy Court had certified a class of debtors in the Southern District of Texas who alleged that their mortgage servicer charged and collected "unreasonable and unapproved post-petition professional fees and costs during the pendency of their bankruptcies." *Wilborn*, 609 F.3d at 756.

The Fifth Circuit granted interlocutory appeal, and reversed the class certification order, holding that although a "bankruptcy judge may certify a class of debtors under appropriate circumstances," the class certified did not satisfy the requirements of Rule 23 and Bankruptcy Rule 7023. *Id.* at 750. The Court held the class did not satisfy Rule 23(b)(3) because "the cases of the individual named plaintiffs show how the circumstances of the fees charged by or paid to Wells Fargo may vary from debtor to debtor and illustrate the many underlying circumstances of the charges that would need to be considered." *Id*. at 756. Among the circumstances the Court identified were: whether the fees were actually imposed on debtors; whether the debtors agreed to the fees; whether there were viable defenses such as waiver or estoppel; and the rulings of various bankruptcy judges that would be applicable to each debtor's case. *Id.* Given the relevance of these individual circumstances to the propriety of the fees charged, the Court concluded "the myriad issues that may arise in each case as to whether and how fees and costs were imposed preclude a class-wide disposition of the case under Rule 23(b)(3)." *Id.* at 756-57.

"For similar reasons," the Fifth Circuit also held the class certified did not satisfy Rule 23(b)(2). *Id.* at 757. The Court found the defendant had not acted or refused to act on grounds

6

generally applicable to the class because "the circumstances and court orders [applicable to each debtor] differ between the judges and cases." *Id.*  In addition, the Court concluded that the monetary relief at issue was "not merely incidental to the sought-after injunction" because "[t]he amount that each plaintiff was charged, perhaps the amount that is 'reasonable,' and any amount to be disgorged will depend on the specific circumstance of each class member and whether and how fees were imposed." *Id.*

On June 24, 2010, Countrywide submitted a notice of supplemental authority informing the Bankruptcy Court of the *Wilborn* decision.  *See* Motion for Leave to File Supplemental Authority, Doc. # 349.  Shortly thereafter, on June 30, 2010, Plaintiffs filed a request for additional briefing on both *Wilborn* and the Consent Judgment, which the Court denied as moot after issuing the Certification Order.  *See* Motion for Leave to File Briefs, Doc. # 350; Order Denying Motion for Leave to File Briefs, Doc. # 357.

### D.     The Class Certification Order

On July 21, 2010, the Bankruptcy Court entered the Certification Order, narrowing both the relief sought and the scope of the class.  The Bankruptcy Court, citing *Wilborn*, denied certification of a Rule 23(b)(3) class, and *sua sponte* redefined Plaintiffs' class as anyone:

> a) who owed funds on a Countrywide serviced note as of February 26, 2008; (b) who have not fully paid the relevant mortgage note, fees, or costs owed to Countrywide, its successors and assigns; (c) who filed a chapter 13 proceeding in the United States Bankruptcy Court for the Southern District of Texas on or before October 15, 2005 and have confirmed chapter 13 plans that treated mortgages serviced by Countrywide; and(d) as to whom Countrywide has assessed a fee or cost governed by Rule 2016(a), attributable to a time after the filing of a bankruptcy petition and before the date on which the individual received a chapter 13 discharge, unless such fee or cost was approved in a Bankruptcy Court order.

*See* Certification Order (Exhibit A).  In addition, the Bankruptcy Court limited the relief it would consider to a potential injunction (the "Proposed Injunction") providing:

7

> Countrywide shall not collect or attempt to collect fees that (1) were incurred during the pendency of a class member's bankruptcy case, (2) are governed by Rule 2016(a), and (3) have not yet been authorized pursuant to Rule 2016(a).

*Id.*

### E.   Countrywide's Motion for Reconsideration

On August 4, 2010, Countrywide filed a Motion for Reconsideration.  Doc. # 362.  In light of the Consent Judgment, which barred its attempts to collect unapproved fees that were not previously disclosed to debtors and the Trustee, and its representation that it had not provided the notice contemplated by the Consent Judgment to the class members, Countrywide argued relief sought by the newly-defined class was moot.

On October 5, 2010, the Bankruptcy Court denied Countrywide's motion,[6] and clarified the Proposed Injunction also would enjoin Countrywide from collecting principal until it had "corrected misapplied payments."  Reconsideration Opinion, (Exhibit D) at 10.  The Bankruptcy Court denied Countrywide's motion on the ground that, while the "Consent Judgment overlaps with the Proposed Injunction," in the Bankruptcy Court's opinion, a "key distinction exists" in that Countrywide could collect fees either through a Rule 2016 application or notice to the Debtor.  *Id.* at 8-9. The Bankruptcy Court also re-emphasized the Proposed Injunction, unlike the Consent Judgment, was intended to "require[] Countrywide to correct any payment misapplications."  *Id.* at 10.

## STATEMENT OF QUESTIONS AND RELIEF SOUGHT

Countrywide seeks to appeal from the Certification Order and the Certification Opinion in their entirety, as permitted under 28 U.S.C. § 158(a)(3) and FRCP 23(f).  This appeal will raise the following issues, among others:

---

6 The Bankruptcy Court's Order was entered on October 6, 2010.  Exhibit C.

        1.      Did the Bankruptcy Court misconstrue the Fifth Circuit's holding in *Wilborn* as applicable only to classes seeking money damages?

        2.      Did the Bankruptcy Court abuse its discretion by holding the class claims for injunctive relief were not rendered moot by the Consent Judgment Order?

        3.      Did the Bankruptcy Court err by intertwining the class definition with merits issues to be determined at trial?

Countrywide requests that the District Court grant leave to appeal and enter an order reversing the Bankruptcy Court's class certification order.

### STATEMENT OF REASONS WHY APPEAL SHOULD BE GRANTED

**A. District Court should grant leave under 28 U.S.C. § 158(a)(3).**

    **1. Standard of Review**

The District Court should exercise its discretionary authority and grant leave to appeal the Certification Order under 28 U.S.C. § 158(a)(3). *In re O'Connor,* 258 F.3d 392, 399-400 (5th Cir. 2001). Section 158 does not provide a specific standard as to whether leave should be granted. *See In re Ichinose*, 946 F.2d 1169, 177 (5th Cir. 1991). In the absence of such a standard, many district courts have looked to the requirements of 28 U.S.C. §1292(b). *See id.; Sunbelt Works, Inc. v. Sommers*, Case No. 07-0692, Bankr. Case No. 05-37623, 2007 WL 954741, at *1 (S.D. Tex. Mar. 29, 2007); *see also In re OCA, Inc.*, 552 F.3d 413, 418 (5th Cir. 2008) (applying the standard for 28 U.S.C. § 1292(b) to an appeal under 28 U.S.C. § 158(d)(2)). Under that standard, an interlocutory appeal is appropriate if the underlying order: (a) involves a controlling question of law, (b) as to which there is substantial ground for disagreement of opinion, and (c) an immediate appeal will materially advance the ultimate termination of the litigation. *See In re Ichinose*, 946 F.2d at 177.

    The Fifth Circuit has expressly declined to decide whether the § 1292(b) standard is controlling for purposes of an interlocutory appeal to the district court under § 158(a)(3). *Id.*

The Eleventh Circuit, however, has addressed the issue and concluded that a district court's discretion to grant an interlocutory appeal is considerably broader in the context of an order granting or denying class certification:

> the §1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court. In such a case, the district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court. *See* 28 U.S.C. § 158(a).

*Chrysler Financial Corp.*, 312 F.3d at 1245-46. Rule 23(f) of the Federal Rules of Civil Procedure grants an appellate court the unfettered discretion. *See* FED. R. CIV. P. 23(f) (Advisory Committee Notes to 1998 Amendments).

### 2. The Bankruptcy Court's Certification Order is ripe for interlocutory appeal.

As discussed above, the Eleventh Circuit has held that a district court has unfettered discretion to grant an interlocutory appeal of a class certification order under § 158(a). Given the need for guidance on this issue and the significant problems with the Certification Order, the justification for an immediate appeal is compelling. Nevertheless, even under the more stringent standards applicable to 28 U.S.C § 1292(b), an immediate, interlocutory appeal is warranted.

First, the Certification Order and Opinion raise controlling issues of law as to which there are substantial grounds for disagreement regarding the correct application of *Wilborn* to non-damages injunctive relief classes under Rule 23(b)(2). *Wilborn* was the first decision by the Fifth Circuit to address the standard for certification of a class of debtors, and the decision provided much-needed guidance on the issues of class certification in Bankruptcy Court. *See Rodriguez v. Countrywide,* 432 B.R. 671, 703 (5th Cir. 2010) (noting the Court's consideration of Plaintiffs' class claims "in light of the Fifth Circuit's recent *Wilborn* decision").

While the class relief at issue in *Wilborn* focused on damages and disgorgement, the Fifth Circuit also held that the class certified could not satisfy Rule 23(b)(2) because, where "the circumstances and court orders differ between the judges and the cases," it cannot be shown that a class defendant "has acted or refused to act on grounds that apply generally to the class." *Id.* at 757. The Fifth Circuit incorporated many of its other Rule 23(b)(3) findings in explaining why no class could be certified under Rule 23(b)(2) "[f]or similar reasons." *Id.* In particular, the Court noted that injunctive relief depended upon the specific circumstances of each class member, and whether and how fees were imposed. *Id.* Thus, while the Rule 23(b)(2) class at issue in *Wilborn* sought disgorgement and other damages, the holding of *Wilborn* did not depend solely on the remedy sought by the class.

The Bankruptcy Court misconstrued *Wilborn's* guidance as inapplicable once it determined it would not consider monetary relief. In doing so, the Court ignored the fact that the same individualized issues regarding the circumstances of each debtor's fees need to be resolved whether the Court contemplates enjoining fees, requiring the misapplication of fees, or disgorging them. These issues are equally applicable in *Rodriguez*, because the Bankruptcy Court recognized that, for at least some class members, Countrywide sought approval through agreed orders that "should not be revisited in this class action." *Rodriguez,* 432 B.R. at 701.

The distinction drawn by the Bankruptcy Court also ignores *Wilborn's* admonition that certification of any Rule 23(b)(2) class is improper when "the circumstances and court orders differ between judges and cases." 609 F.3d at 757. Just as in *Wilborn,* class members in *Rodriguez* had cases before different bankruptcy judges and subject to different standing orders and procedures. Whether particular fees were "approved" or "misapplied" will depend upon a

11

close review of each class member's account and the relevant orders in each individual bankruptcy case.

Because *Wilborn* also held the damages sought by the class were not "incidental" to injunctive relief, the Bankruptcy Court apparently believed *Wilborn* does not apply to classes seeking solely injunctive relief. *See* 432 B.R. at 706 (acknowledging *Wilborn* precludes Plaintiffs' claims for incidental damages, but stating that, in the Bankruptcy Court's view, "once the class is redefined as one only seeking injunctive relief, certification under Rule 23(b)(2) is appropriate"). Yet, as the Fifth Circuit noted in *Wilborn,* individualized inquiries will exist whether a class is sought under Rule 23(b)(3) or Rule 23(b)(2). *Wilborn,* 609 F.3d at 757. The Bankruptcy Court acknowledged "Countrywide has raised similar defenses" to those raised in *Wilborn* that, "if potentially meritorious, could diminish the homogeneity of the class by necessitating individualized hearings." *Rodriguez,* 432 B.R. at 704. But the Bankruptcy Court offered no analysis as to why such defenses are not equally applicable to claims for injunctive relief. Indeed, the "myriad" issues "as to whether and how fees and costs were imposed" that precluded a Rule 23(b)(3) class are equally applicable to certification under Rule 23(b)(2). *Id.*

In addition, an immediate appeal of these issues will materially advance the ultimate termination of this litigation. If the District Court grants the relief sought by Countrywide, this case will proceed as a single lawsuit that turns on facts that are largely undisputed. A failure to review the Bankruptcy Court's Certification Order, however, will require the Court and the parties to conduct a class trial that is procedurally questionable and that will require the adjudication of individualized issues regarding potentially hundreds of class members. Resolving these issues now will indisputably serve the interests of judicial efficiency.

### B. The Bankruptcy Court abused its discretion in certifying a Rule 23(b)(2) class.

There are two other reasons why this Court should exercise its discretion to permit this appeal. First, the Consent Judgment entered by the United States District Court for the Central District of California rendered the proposed class claims moot. Second, the class certified is improperly defined because it requires merits issues to be resolved before class members can be identified.

#### 1. The class claims are moot.

As set forth above, the Certification Order limited the potential class relief to a Proposed Injunction enjoining Countrywide from "collect[ing] or attempt[ing] to collect fees that (1) were incurred during the pendency of a class member's bankruptcy case, (2) are governed by Rule 2016(a), and (3) have not yet been authorized pursuant to Rule 2016(a)." Exhibit A at 1. Because the Central District of California had already enjoined Countrywide from such collection attempts, Countrywide filed a Motion for Reconsideration arguing Plaintiffs' sole remaining class claims are moot.

On October 6, 2010, the Bankruptcy Court denied Countrywide's Motion for Reconsideration. Exhibit C. While acknowledging the Consent Judgment "overlaps with the Proposed Injunction," the Bankruptcy Court stated "one key distinction exists" in that the Consent Judgment, unlike the Proposed Injunction, "enables Countrywide to continue to collect fees incurred during a bankruptcy case without any court authorization" if Countrywide satisfies the notice procedures in the Consent Judgment. Exhibit D at 8-9. The Bankruptcy Court further stated, "even if the Consent Judgment mandated compliance with Rule 2016(a), [it] stills fails to provide all the relief available under the Proposed Injunction" because it "fails to provide any relief to those Plaintiffs who had payments misapplied by Countrywide." *Id.* at 9-10. Both bases for the Bankruptcy Court's ruling are incorrect.

13

First, the "one key distinction" – the notice option available under the Consent Judgment – has no practical significance for the class. While the Bankruptcy Court opined "it is quite possible that Countrywide would seek fees through the notice procedures rather than pursuant to Rule 2016(a)," this is simply not the case for most, if not all, of the class members. *Id.* at 9. Countrywide does *not* contend it previously complied with all of the application or notice requirements for post-petition fees set forth in the Consent Judgment. *See* Countrywide's Motion for Reconsideration at 3. Accordingly, the only class members who possibly could benefit from a Proposed Injunction requiring Rule 2016 applications are those who are still in bankruptcy. The class, however, is defined to include only those debtors who filed bankruptcy petitions on or before October 15, 2005. Given the presumptive five year limitation on Chapter 13 plans, there are few—if any—class members who will still be in bankruptcy by the time any contemplated injunction could issue. *See* 11 U.S.C. § 1322 (limiting a Chapter 13 plan to 60 months in duration). Thus, the Consent Judgment, by its terms, bars Countrywide from collecting the vast majority of the fees at issue.

Moreover, even if the Consent Judgment did not render 100% of the class claims moot, the failure to decertify the class in light of the Consent Judgment was an abuse of discretion. This Court has repeatedly recognized Rule 23(b)(2) classes are inappropriate where many of the potential class members "would not benefit from the requested injunction." *Casa Orlando Apartments, Ltd. v. Federal National Mortgage Assoc.*, --- F.3d ----, 2010 WL 4013531, at *10 (5th Cir. Oct. 14, 2010) ("forty percent of the class benefitting from an injunction is not sufficient to certify under (b)(2)"); *see also Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299 (5th Cir. 2007) (certification under 23(b)(2) is improper where many potential class members would not benefit from the injunction); *In re Monumental Life*, 365 F.3d 408, 416 (5th

Cir. 2004) ("Of course, certification under Rule 23(b)(2) is appropriate only if members of the proposed class would benefit from the injunctive relief they request."); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (vacating a Rule 23(b)(2) certification because most of the Plaintiffs had nothing to gain from the proposed injunctive relief).

The Bankruptcy Court's second distinction, that the Consent Judgment "fails to provide any relief to those Plaintiffs who had payments misapplied by Countrywide," is also beside the point because the Bankruptcy Court did not make any findings that could support certification of a "misapplication" class.  While the Bankruptcy Court found a potential misapplication of payments in Rodriguez's case, it acknowledged "[t]he unique facts in Rodriguez's case – in which both Rodriguez and Countrywide made mistakes – open the door to new legal and factual issues that increase the complexity of analyzing Rodriguez's individual case."  432 B.R. at 706. Thus, not only was there no finding that a misapplication class would be sufficiently numerous, the individual factual issues surrounding each alleged misapplication would make such a class uncertifiable under *Wilborn*.

### 2. The class definition set forth in the Certification Order is improperly tied to the merits.

The Bankruptcy Court also erred when it ordered certification of a class comprised of individuals as to whom, "Countrywide has assessed a fee or cost governed by Rule 2016(a)." Certification Order at 1.  Under the Court's definition, to determine whether a debtor is a class member, the court must initially determine whether any fee assessed to that debtor's account was "governed by" Rule 2016(a).  That analysis is inappropriate, however, because the Bankruptcy Court recognized that, "whether Rule 2016(a) applies to every fee and costs Countrywide has assessed against debtors in bankruptcy, or only to certain fees and costs," *is a merits issue to be*

15

*decided at trial*. 432 B.R. at 695. This makes the class certified unascertainable.[7] *Morrow v. Washington,* No. 2:08-CV-288, 2008 WL 2591382 at *2 (E.D. Tex. Aug. 20, 2009) (proposed class definition was improper because class eligibility depended on the merits of the individual members' claims); *Colindres v. Quietflex Mfg.*, 235 F.R.D. 347, 368 (S.D. Tex. 2006) (plaintiff's proposed definition, which defined class as those subject to discrimination, was improper).

Likewise, to the extent the Bankruptcy Court intends to identify the class prior to trial, it would run the risk of certifying an impermissible "fail-safe class," where all class members, by definition, have meritorious claims. Courts have unanimously held that such classes do not comply with Rule 23 or due process. *Kamar v. Radio Shack Corp.,* No. 09-55674, 2010 WL 1473877 at *1 (9th Cir. 2010) (unpublished) ("The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established."); *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) (affirming denial of class certification because class definition would result in fail-safe class which was not "adequately defined or nearly ascertainable"); *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681 (7th Cir. 2001) (reversing "fail safe" class because, such a class is "forbidden"); *Allen v. Holiday Universal*, 249 F.R.D. 166, 175 (E.D. Pa. 2008); *Ostler v. Level 3 Communications, Inc.*, Cause No. IP 00-0718-CH/K, 2002 WL 31040337 at * 2 (S.D. Ind. Aug. 27, 2002) (plaintiffs sought "an impermissible 'fail-safe' or 'one-way' [] class because the definition based class membership on the ability to bring a successful claim on the merits") (citations omitted); *Castano v. American Tobacco Co.,* 160 F.R.D. 544, 549 (E.D. La. 1995), *rev'd on other grounds*, 84 F.3d 734 (5th Cir. 1996).

---

7 Although this may be less of a concern in a Rule 23(b)(2) class where notice and the right to opt out are not required, the Bankruptcy Court's decision to require plaintiffs to submit a notice plan demonstrates due process is implicated.

16

### C. The Notice of Appeal is timely and proper.

Finally, Countrywide's Notice of Appeal and Motion for Leave to Appeal are timely because they have been filed within 14 days of the Bankruptcy Court's resolution of Defendants' Motion for Reconsideration. Courts addressing this issue have uniformly held that motions for reconsideration defer the time for appeal, so long as the motion for reconsideration is itself filed within the appropriate 14-day period.[8] Countrywide filed its Rule 59(e) Motion on August 4, 2010, which was within fourteen days after the entry of the Class Certification Order.

The Order on Countrywide's Motion for Reconsideration was entered on October 6, 2010. While the Bankruptcy Court raised some question as to whether Countrywide's motion "fit[s] within the narrow purpose for which Rule 59(e) exists," it considered and resolved Countrywide's motion on its merits.[9] Nevertheless, it is well-settled that the filing of a Rule 59(e) motion in good faith serves to toll the appeals period. *See In re Sabala,* 334 B.R. 638 (8th Cir. 2005) (a timely motion to reconsider later withdrawn tolled appeal period); *In re McAuley,* 66 B.R. 696 (9th Cir. 1986) (premature reconsideration motion still served to toll appeals period).

---

[8] *See, e.g., McNamara v. Felderhof,* 410 F.3d 277, 281 (5th Cir. 2005) (recognizing that courts of appeals have "unanimously held that a Rule 59 motion to reconsider filed within the ten-day [now fourteen-day] limit set forth in Rule 23(f) tolls the period for appeal until the district court rules upon that motion."); *Matter of Fellows,* 19 F.3d 245, 245-46 (5th Cir. 1994) (holding that "any motion that draws into question the correctness of the court's order" is treated as a Rule 59/9023 motion for purposes of the timing of a notice of appeal); *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 837 (7th Cir. 1999) ("[W]e hold that a motion for reconsideration filed within [the previously applicable period of] ten days of [a certification order] … defers the time for appeal until after the district judge has disposed of the motion.").

[9] The Bankruptcy Court questioned the propriety of Countrywide's Motion because the Consent Judgment was entered prior to the Certification Order and Opinion, and thus, could have been raised prior to those rulings. But, at the time the Consent Judgment was entered, Plaintiffs were seeking to certify a damages class, which might not have been mooted by the Consent Judgment because the Federal Trade Commission controls the distribution of the settlement fund. Plaintiffs also were seeking much broader injunctive relief. While the Bankruptcy Court implied that Countrywide should have anticipated the denial of the damages class in light of *Wilborn*, Countrywide had filed a notice of supplemental authority contending that class certification should be denied as to all claims in light of *Wilborn.*

## CONCLUSION

For the reasons outlined above, the District Court should exercise its discretion to grant this Motion under 28 U.S.C. § 158(a)(3), Federal Rules of Bankruptcy Procedure 7023, 8001(b), and 8003, and Federal Rule of Civil Procedure 23(f), and permit Countrywide to appeal the Certification Order and Certification Opinion, as well as the Reconsideration Order and Reconsideration Opinion. *See O'Connor,* 258 F.3d at 399-400 (holding that a decision to deny or grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3) is "committed to the district court's discretion").

## REQUEST FOR RELIEF

**WHEREFORE, BASED UPON THE FOREGOING,** Countrywide respectfully requests that the District Court grant leave to appeal the Certification Order, Certification Opinion, Reconsideration Order and Reconsideration Opinion to the District Court pursuant to 28 U.S.C. § 158(a)(3), Federal Rules of Bankruptcy Procedure 7023, 8001(b), and 8003, and Federal Rule of Civil Procedure 23(f) and that the District Court grant Countrywide such other and further relief for which it may justly be entitled at law and equity.

Respectfully submitted,

/s/ Thomas A. Connop
Thomas A. Connop
Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201
Telephone: (214) 740-8547
Facsimile: (214) 756-8547

Thomas M. Hefferon
David L. Permut
Goodwin|Procter LLP
901 New York Avenue, N.W.
Washington, DC  20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444


ATTORNEYS FOR DEFENDANT
COUNTRYWIDE HOME LOANS, INC.

Dated:   October 20, 2010

## CERTIFICATE OF SERVICE

      I do hereby certify that on October 20, 2010 true and correct copies of the Motion for Leave to Appeal Order Certifying Class were served upon Plaintiffs' counsel and all parties listed on the attached service list, by ECF.

                                                /s/ Thomas A. Connop

Ellen Stone
The Stone Law Firm, P.C.
62 E. Price Road
Brownsville, Texas 78521
(956) 546-9398

Karen Kellett
Armstrong Kellett Bartholow, P.C.
11300 N. Central Expressway, Suite 301
Dallas, Texas 75243
(214) 696-9000

and

Gary Klein
Shennan Kavanaugh
Roddy Klein & Ryan
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 357-5500